**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **C2 ASSOCIATES BUSINESS STRATEGY AND DEVELOPMENT, LLC,** | § § § § | |
| **Plaintiff,** | § § | **CASE NO. 6:23-CV-00762-ADA** |
| **v.** | § § | |
| **L3HARRIS TECHNOLOGIES INTEGRATED SYSTEMS L.P.,** | § § § | |
| **Defendant.** | § | |

**ORDER ADOPTING IN PART AND REJECTING IN PART**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge

Jeffrey C. Manske. ECF No. 65. The report recommends Defendant L3Harris Technologies

Integrated Systems L.P.'s ("L3 Harris") Motion for Summary Judgment (ECF No. 56) be

**GRANTED** in its entirety. The report and recommendation was filed on December 20, 2024.

A party may file specific, written objections to the proposed finding and recommendations

of the magistrate judge within fourteen days after being served with a copy of the report and

recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed.

R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections."

*Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United*

*States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

1

Plaintiff C2 Associates Business Strategy and Development, LLC ("C2") timely[1] filed objections on January 17, 2025. ECF No. 67. L3 Harris responded to C2's objections on January 31, 2025, to which C2 replied on February 6, 2025. ECF Nos. 69, 70. The Court finds that C2's objections were sufficiently specific to trigger *de novo* review as to those objections alone.

As to the Magistrate Judge's remaining Report and Recommendation that neither side objected to, this Court will review such objections under a clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After due consideration, the Court is of the opinion that the portions of the Magistrate Judge's Report and Recommendation that neither side objected to were neither clearly erroneous nor contrary to law and should therefore be adopted.

As to the portions of the Report and Recommendation to which C2 timely objected, the Court has conducted a *de novo* review of Defendant's Motion, the responses, the report and recommendation, the objections to the report and recommendation and subsequent briefing, and the applicable laws. After that thorough review, the Court will adopt the report and recommendation in part and reject it in part.

## I.    BACKGROUND

C2 is a single-member business development firm. Pl.'s Am. Compl. at 2, ECF No. 54. C2 works with defense contractors by supporting their efforts to successfully bid on government contract opportunities. *Id*. at 1. L3Harris is a limited partnership that provides aerospace and defense technology and information technology hardware and services. Def.'s Mot. Summ. J. at 1, ECF No. 56-1.

In May 2018, L3Harris engaged C2 for such services, and the parties entered into a Success Fee Agreement. *Id.*, Def.'s Ex. 1, ECF No. 56-2. The Agreement obligated C2 to provide business

---

[1] The Court granted the parties' joint motion to extend the deadline to file objections to the Magistrate Judge's Report and Recommendation to January 17, 2024. *See* 12/23/2024 Text Order.

capture strategies in connection with L3Harris' pursuit of a range of aerospace contracts. Def.'s Ex. 1 at 1. In consideration of its services, C2 was entitled to a contingency fee; 2.5% of the value of any contract awarded to L3Harris within the scope of the Agreement, with a maximum payout of $5 million. *Id*. The parties previously engaged in three similar "success fee" agreements earlier that same year. Pl.'s Am. Compl. at 3; Def.'s Answer, at 3, ECF No. 55.

The Agreement obligated C2 to perform business capture services in connection with the following government contract opportunities:

- ANG, USAF AMC and USAF ACC alternate PDM and overflow services.
- ANG and USAF and UDLM, TCTO, ISO and ANG Mod Book Upgrade services.
- International Mobility aircraft alternate PDM and overflow services.
- International Fighter aircraft UDLM, TCTO and ISO services.
- USAF A-10 re-wing integration services.

Def.'s Ex. 1 at 1.

The Agreement further defined C2's performance under Section 1.0, "Contractor [C2] agrees to use 'best efforts' to provide services that include, but are not limited to, the scope defined in the attached Statement of Work (SOW)." *Id*.

C2 began performance under the Agreement as of the Effective Date, May 1, 2018. Pl.'s Am. Compl. at 4; Def.'s Mot. Summ. J. at 7. As part of its performance, C2 retained Kevin Campbell as a consultant. Pl.'s Am. Compl. at 5.

The parties disagree as to when or whether either party successfully terminated the Agreement. L3Harris claims the Agreement was terminated in December 2018. Def.'s Mot. Summ. J. at 7. C2, however, claims that L3Harris responded ambiguously about its intent to terminate, and instead would no longer need C2's services. Pl.'s Resp. at 12, ECF No. 60. In 2019, L3Harris directly engaged C2's consultant, Campbell, rather than work through C2, to continue providing business development services. *Id*. at 13.

3

On November 30, 2020, the United States Air Force awarded L3Harris an indefinite-delivery-indefinite-quantity ("IDIQ") contract to provide C-130 depot-level maintenance services, with an award value of up to $668 million (the "C-130 Maintenance Contract"). Pl.'s Am. Compl. At 5; Def.'s Answer at 4, ECF No. 55. C2 did not become aware of L3Harris' contract awards until November 2022. Pl.'s Am. Compl. at 6. C2 requested an accounting of L3Harris' invoice payments under both contracts, so that C2 would be awarded its 2.5% success fee under the Agreement. *Id*. L3Harris refused. *Id*.

## II.    LEGAL STANDARD

### A.  *Federal Magistrates Act*

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Motions for Summary Judgment under Federal Rule of Civil Procedure 56 are dispositive motions under the Federal Magistrates Act. 28 U.S.C. § 636(b)(1)(A). For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

### B.  *Federal Rule of Civil Procedure 56*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is not genuine if the trier of fact could not, after an examination of the record, find for the nonmoving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986). The moving party bears the burden of showing that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That said, the moving party can satisfy its burden either by producing evidence negating a material fact or pointing out the absence of

evidence supporting a material element of the nonmovant's claim. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). Throughout this analysis, the Court must view the evidence and all factual inferences in a light most favorable to the party opposing summary judgment. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

### III.    DISCUSSION

Having conducted a *de novo* review of the record and applicable law, the Court agrees with the Magistrate Judge's factual findings and legal conclusions in most of the report and recommendation and adopts the report and recommendation apart from the analysis and recommendation pertaining to C2's breach of contract claim and request for declaratory judgment. R. & R. at 7–10, ECF No. 65. Because the Court reaches a different conclusion with respect to C2's breach of contract claim and request for declaratory judgment, it declines to adopt that portion of the report and recommendation.

At the heart of the Magistrate Judge's analysis of C2's breach of contract claim and request for declaratory judgment are two premises. The first premise is that the "best efforts" provision of the Agreement is enforceable as a matter of law. *Id.* at 5. The second premise is that C2 failed to perform as a matter of law and, as a result, is not entitled to the contingent success fee. *Id.* at 7. Based on that premise, the Magistrate Judge concluded L3Harris is entitled to summary judgment on C2's breach of contract claim and request for declaratory judgment. *Id.* at 10. The Court declines to adopt the magistrate judge's analysis and conclusion because it cannot adopt the second premise at this stage in the litigation.

The Magistrate Judge's finding that C2 is not entitled to the contingent success fee because it failed to perform under the best efforts clause is premature. As explained in the report and recommendation, whether a contract imposes a particular legal duty upon a party is a question of

law, while the question of whether a party has failed to perform under the contract is a question of fact. *X Techs, Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 413–14 (5th Cir. 2013). That said, failure to perform at all, as a matter of law, is a breach of a "best efforts" contractual provision. *CKB & Assocs., Inc. v. Moore McCormack Petroleum, Inc.*, 809 S.W.2d 577, 582 (Tex. App.—Dallas 1991, writ denied). In other words, when it is uncontested that a party, bound by a "best efforts" contract, provided *no effort* to perform its obligation, that party has failed to perform as a matter of law. *See id.*

The Magistrate Judge concluded that C2 breached its obligation to use best efforts because it provided no effort to perform all the services defined in the SOW. R. & R. at 10. Many of the services C2 allegedly failed to perform, however, were to be provided only as required, or as needed, and there is no evidence before the Court that the services were in fact required or necessary. Def.'s Mot. Summ. J., Def.'s Ex. 1 at 5, ECF No. 56-2.

Further, L3Harris terminated the parties' relationship under the Success Fee Agreement and the Retainer Agreement before the end of C2's contracted period of performance, notifying C2 that its services would no longer be required. *Id.* at ¶¶ 19, 20, ECF No. 56-1; Pl.'s Obj. at 15, ECF No. 67. As C2 explains in its objections, some services could only be performed at a later stage. Pl.'s Obj. at 7. As a result, the Court cannot conclude that C2 failed to use its best efforts in performing all the services defined in the SOW because the Court cannot determine whether C2 was presented with the opportunity to do so. *See id.* ("If L3Harris terminated C2's participation in a business capture effort, as it did here, then certain steps in the "C2 Strategic Process" or the "C2 Funding Capture Process" may never be reached.").

Whether C2 delivered or tendered substantial performance is a question of fact because it depends on the particular circumstances of the case. *Med. Components, Inc. v. Osiris Med., Inc.*,

226 F. Supp. 3d 743, 751 (W.D. Tex. 2016) (citation omitted). The fact finder must determine whether C2 tendered performance comparable to "that of an average prudent, comparable operator" based upon the circumstances of the case. *Id.* After careful review of the summary judgment record, the Court determines that there is a genuine issue of material fact as to whether C2 failed to use its best efforts.

## IV.    CONCLUSION

Given the foregoing, **IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske (ECF No. 65) is **ADOPTED IN PART AND REJECTED IN PART**.

Specifically, the Court **ADOPTS** the report and recommendation's findings of fact and conclusions of law with respect to C2's quantum meruit claim. But the Court **REJECTS** the Magistrate Judge's analysis and recommendation concerning C2's breach of contract claim and request for declaratory judgment.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 56) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court **GRANTS** summary judgment for L3Harris as to C2's quantum meruit claim. However, the Court **DENIES** Defendant's motion with respect to C2's breach of contract claim and request for declaratory judgment. For clarity, the remaining claims are: (1) C2's breach of contract claim; (2) C2's request for declaratory judgment that C2 is entitled to 2.5% of the actual contract value; and (3) L3Harris's counterclaim for breach of contract.

**IT IS FURTHER ORDERED** that the Parties shall submit an amended joint proposed scheduling order with the remaining deadlines no later than fourteen (14) days from the date of this Order.

**SIGNED** this 10th day of February, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE